## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DAYQON VENEY and         *
NAKOYI OXENDINE,

         *

Plaintiffs,

         *

v.                      Civil Action No. PX-20-410

         *

JUSTIN BROOKS,
HARRY CARR,         *
ROBERT L. GREEN,
SHANE WEBER,        *
NATHAN ELLIS,
WILLIAM THOMAS,     *
WESTERN CORRECTIONAL
   INSTITUTION, and      *
ADAM SCHROYER,

         *

Defendants.

***

## MEMORANDUM OPINION

DayQon Veney and Nakoyi Oxendine bring this action against Western Correctional Institution ("WCI"), Warden Shane Weber, WCI correctional officers Justin Brooks, Harry Carr, Nathan Ellis, William, Thomas, and Adam Schroyer, and Robert L. Green, Secretary of the Maryland Department of Safety and Correctional Services ("DPSCS").[1]   ECF Nos. 1, 14. Plaintiffs allege Defendants used excessive force against them on January 21, 2020, while they were housed together in a cell at WCI. *Id.*  Plaintiffs seek monetary damages.  ECF No. 1 at 4; ECF No. 14 at 9.

Defendants now move to dismiss the Complaint or alternatively for summary judgment in their favor.  Principally, Defendants contend that that Plaintiffs failed to exhaust administrative

---

[1] Veney filed suit on February 14, 2020, while Oxendine filed his complaint on March 26, 2020.  ECF No. 1; *see also Oxendine v. Green, et al.*, Civil Action No. PX-20-805.  Given the similarity of plaintiffs' allegations and in the interest of judicial economy, the Court consolidated the cases on July 31, 2020.  ECF No. 13.

remedies.  ECF No. 20-1.  Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court informed Plaintiffs that the failure to respond to the motion may result in dismissal of their case.  ECF No. 21.  Neither Plaintiff responded.

The matter is now ripe for review, with no need for a hearing.  *See* Loc. R. 105.6.  For the reasons that follow, defendants' motion shall be granted.

## I.      Background

The Court accepts the averred facts in the Complaint as true and in the light most favorable to the Plaintiffs.  On January 21, 2020, Plaintiffs were in their shared cell when they requested to speak to Sergeant Ellis or Lieutenant Thomas.  Officers Brooks and Carr were standing near the cell door, denied Plaintiffs' request.  Veney Compl., ECF No. 1 at 2; Oxendine Compl., ECF No. 14 at 6-7.  Brooks next opened the cell door, physically assaulted Plaintiffs and shot them with "pepper spray."  ECF No. 1 at 2-3; ECF No. 14 at 7.  Oxendine attempted to defend himself while Veney tried to get away.  *Id.*  Additional officers responded to the cell, handcuffed Veney and transported him to the medical unit and eventually to a bullpen where officers again sprayed him with mace.  ECF No. 1 at 3.  Officers next placed Veney in a cell, by himself and naked, for three days without medical attention; he was also issued a disciplinary infraction for the incident.  ECF No. 1 at 3.

As to Oxendine, Officers separated him Veney and put him in solitary confinement.  There, Officers Brooks, Carr, and Ellis punched him in his head, face, and stomach, in front of Lt. Thomas and Capt. Schroyer, until medical staff arrived.  ECF No. 14 at 7-8. Later that evening, Oxendine was placed in what he calls "a suicide cell" and denied dinner.  ECF No. 14 at 8.  Oxendine avers that "defendants were motivated by ill will, hatred, and evil intent, and their actions were malicious, unnecessary, willful, wanton, and [carried out] in complete disregard [of] plaintiff's

2

rights." ECF No. 14 at 8. He states that as a result of the incident, he has "suffered permanent injury, including but not limited to severe pain, bruising, humiliation, and mental anguish." *Id.* Veney likewise seeks compensation for his pain, stress, and suffering at the hands of Defendants. ECF No. 1 at 4.

Following the incident, Veney and Oxendine each filed grievances pursuant to the prison's administrative remedy procedures ("ARP"). *See* ECF No. 1 at 2; ECF No. 14 at 14-15. Oxendine's ARP alleges that Officers Brooks and Carr assaulted him in his cell, and that other officers joined in assaulting him off-camera. *Id.* It is not clear what Veney averred in his ARP. Both ARPs were procedurally dismissed after the ARP Coordinator determined that the subject matter was under investigation by the Department's Intelligence and Investigative Division ("IID"). *See* ECF No. 1 at 2, ECF No. 14 at 14. Once the IID investigation was underway, Plaintiffs were informed that "no further action will be taken under the Administrative Remedy Procedures at this level" but they "may appeal this decision to the Commissioner of Correction." *See id.* Nothing suggests that Plaintiffs appealed the matter to the Commissioner or filed a grievance with the Inmate Grievance Office ("IGO") regarding this incident. *See* Decl. of Robin Woolford, IGO Deputy Director, ECF No. 20-8.

## II. Standard of Review

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well-pleaded allegations as true and most favorably to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level."

*Twombly*, 550 U.S. at 555.  "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'"  *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).  Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).  When ruling on a motion to dismiss, the Court may consider materials attached to the complaint without transforming the motion to dismiss into one for summary judgment.  See Fed. R. Civ. P. 10(c).  The Court may also consider materials attached to a motion to dismiss, so long as such materials are integral to the complaint and authentic.  Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

### III.    Discussion

Plaintiffs bring suit pursuant to 42 U.S.C § 1983, contending that Defendants prolonged abuse and assault constitutes excessive force, in violation of the Eighth Amendment to the United States Constitution.  Accordingly, pursuant to the Prisoner Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Although exhaustion under § 1997e(a) is not a jurisdictional prerequisite, plaintiffs nonetheless must exhaust such remedies before this Court will hear the claim.  *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.2d 674, 682 (4th Cir. 2005).

The exhaustion requirement "allow[s] a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are

satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Bock*, 549 U.S. at 219.  The purpose of exhaustion is to encourage a prisoner to pursue administrative grievances through all available stages of the administrative process. *Chase v. Peay*, 286 F. Supp. 2d 523, 530 (D. Md. 2003).  Because the Court may not consider an unexhausted claim, *see Bock*, 549 U.S. at 220, in this very real sense, exhaustion prior to federal suit is mandatory. *Ross v. Blake*, 578 U.S. ____, 136 S.Ct. 1850, 1857 (2016).  Therefore, a court ordinarily may not excuse a failure to exhaust. *Ross*, 136 S.Ct. at 1856 (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006).  Importantly, however, the Court must ensure that "any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).  Moreover, an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross*, 136 S.Ct. at 1855.  An administrative remedy is not "available" where the prisoner, "through no fault of his own, was prevented from availing himself of it." *Moore*, 517 F.3d at 725 (citing *Aquilar-Avellaveda*, 478 F. 3d at 1225); *Kaba*, 458 F.3d at 684.

The Maryland state administrative grievance process provides for "inmate complaint resolution." *See generally* Md. Code (2008 Repl. Vol.), Correctional Services Article ("C.S."), §§ 10-201 *et seq.*; Code of Maryland Regulations ("COMAR") 12.07.01.01B(1) (defining ARP).  If an ARP is filed and denied, the prisoner may appeal the denial within 30 days to the Commissioner of Correction.  If the Commissioner of Correction denies the appeal, the prisoner may file a

grievance with the IGO, also within 30 days.  OPS.185.0002.05D; C.S. § 10-206(a); C.S. § 10-210; COMAR 12.07.01.05B.  If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing.  C.S. § 10-207(b)(1); *see* COMAR 12.07.01.07B. An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review.  C.S. § 10-207(b)(2)(ii).

Viewing the Complaint facts as true, as well as public documents integral to the Complaint, the Court sees no basis to conclude that Plaintiffs exhausted administrative remedies.  To be sure, Plaintiffs had filed ARPs immediately after the incident.  *See* ECF No. 1 at 2; ECF No. 14 at 14-15.  But they did not appeal the denial of the ARPs to the Commissioner of Correction after having been advised of their right to pursue those appeals.  Nor did Plaintiffs file any grievances with the IGO regarding their claims.  *See* ECF No. 20-8.  Because the Plaintiffs have not sufficiently exhausted administrative remedies under the PLRA, the Court must dismiss the claims without prejudice.  The Court declines to address Defendants' remaining arguments for dismissal.

## IV.    Conclusion

Based on the foregoing, Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment shall be granted.  The Complaints are dismissed without prejudice.

A separate Order follows.


_____9/14/21_____                        _____/S/_____
Date                                       Paula Xinis
                                           United States District Judge